DEAN M. GLOSTER, State Bar No. 109313
MARK D. PETERSEN, State Bar No. 111956
KELLY A. WOODRUFF, State Bar No. 160235
FARELLA BRAUN + MARTEL LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
Telephone:   (415) 954-4400
Facsimile:   (415) 954-4480
dgloster@fbm.com
mpetersen@fbm.com
kwoodruff@fbm.com

Attorneys for Defendants
SK PM Corp., Monterey Peninsula Farms, LLC,
Scott Salyer, in his capacity as Trustee of the Scott
Salyer Revocable Trust

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>SK Foods, LP, a California limited partnership,<br><br>          Debtor.<br><br>Bradley D. Sharp, Chapter 11 Trustee,<br><br>          Plaintiff<br>v.<br>SKPM Corp., *et al.*,<br><br>          Defendants. | Civ. No. 2:11-cv-02369<br><br>Bankruptcy Case No. 09-29162<br><br>Adversary Proceeding No. 11-02337<br><br>**EMERGENCY *EX PARTE* APPLICATION FOR STAY OF ALL BANKRUPTCY COURT PROCEEDINGS PENDING HEARING ON DEFENDANTS' MOTION TO WITHDRAW THE REFERENCE**<br><br>**[Fed. R. Bankr. Proc. 5011(c)]** |

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

EMERGENCY EX PARTE APPLICATION FOR STAY OF
PROCEEDINGS / Case No. 11-02369

27019\2759585.1

**TO ALL PARTIES AND COUNSEL OF RECORD:**

Scott Salyer, in his capacity as trustee of the Scott Salyer Revocable Trust (the "SSR Trust"), SK PM Corporation ("SKPM") and Monterey Peninsula Farms, LLC ("MPF") (collectively, "Movants"), hereby apply *ex parte* for an **emergency** stay of all proceedings pending hearing on Movants' motion for an order withdrawing the reference to this adversary proceeding.  Fed. R. Bankr. Proc. 5011(c).  In support of this application, Movants respectfully suggest that good cause exists to **immediately** stay all further proceedings in the underlying adversary proceeding because the Plaintiff and the Bankruptcy Court have scheduled a hearing for **Thursday, September 15** in disregard of this Court's prior orders.

## I.     INTRODUCTION

On April 14, 2011, in light of a pending criminal case against Defendant Scott Salyer, this Court remanded several bankruptcy appeals and instructed the Bankruptcy Court to stay any adversary proceedings against Mr. Salyer or his related entities (the "Salyer Parties") if "discovery from or testimony of Salyer or his criminal counsel is reasonably necessary to dispose of a particular matter before the Bankruptcy Court."  *See* District Court Remand Order dated April 14, 2011, Case No. S-10-1492 LKK ("Remand Order"), Request for Judicial Notice ("RJN"), Ex. 1 at 5.  As a result of this Court's Remand Order, eleven of the twelve adversary proceedings filed between August 21, 2009 and May 4, 2011 against various Salyer Parties (the "Related Adversary Proceedings") have been stayed.

Ignoring the clear directive from this Court in its Remand Order, the Trustee has created a gap in the stay of this action between August 1 and September 28.  The Trustee then exploited that gap to obtain a far-reaching temporary restraining order ("TRO"), and is seeking a preliminary injunction prior to the action being stayed.  Although Movants brought the Trustee's tactics to the attention of the Bankruptcy Court, the Bankruptcy Court has itself apparently ignored this Court's Remand Order, issued the broad TRO against all Defendants (even those that have not been served with the summons and complaint), and scheduled a hearing on the court's Order to Show Cause re Preliminary Injunction ("OSC hearing") for Thursday, September 15 at 10:00 a.m.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

EMERGENCY EX PARTE APPLICATION FOR STAY OF PROCEEDINGS / Case No. 11-02369    - 2 -

27019\2759585.1

Because the instant case involves questions of both bankruptcy law and state law, and the interplay between bankruptcy adversary proceedings and a federal criminal proceeding in this Court, and because the Bankruptcy Court seemingly refuses to comply with the intent of this Court's prior stay orders, Movants filed a motion to withdraw the reference of this adversary proceeding ("Withdrawal Motion") pursuant to 28 U.S.C. section 157(d) and the United States Supreme Court's recent decision in *Stern v. Marshall*, 131 S. Ct. 2594 (2011).  [Dkt. No. 2.] Concurrently with the Withdrawal Motion, Movants filed an emergency application for a stay of proceedings in the Bankruptcy Court to give this Court an opportunity to rule on the Motion prior to the preliminary injunction hearing.  RJN, Ex. 2.  The Bankruptcy Court refused to stay the pending OSC Hearing.  RJN, Ex. 3.

Accordingly, because Movants cannot adequately defend themselves against the preliminary injunction without testimony from Mr. Salyer, Movants respectfully request that this Court **immediately** stay all proceedings pending in this action in the Bankruptcy Court, including the September 15 OSC Hearing, until this Court has the opportunity to hear and decide the Withdrawal Motion.

## II.     **ARGUMENT**

The Salyer Parties have been engaged in litigation in the Bankruptcy Court for nearly two years, but eleven of the twelve Related Adversary Proceedings have been stayed after this Court issued its Remand Order.  The above-captioned matter is the one adversary proceeding pending against the Salyer Parties that is not currently stayed, but only because the Bankruptcy Court has refused to hear Movants' renewed motion to stay on an expedited basis.

The action was commenced by the Debtors' duly-appointed Chapter 11 Trustee, Bradley D. Sharp (the "Trustee"), on May 4, 2011, asserting both bankruptcy and state law claims.  The allegations in the instant action are repetitive of allegations in at least two other Related Adversary Proceedings that were subject to this Court's Remand Order and have been stayed by the Bankruptcy Court: *Sharp v. Salyer*, Bankr. Adv. Proc. No. 10-02014, Dist. Ct. Case No. 2:10-cv-1499-LKK; *Sharp v. Salyer*, Bankr. Adv. Proc. No. 10-02015, Dist. Ct. Case No. 2:10-cv-1500-LKK.  Movants, therefore, promptly moved to stay the action in accordance with this

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

EMERGENCY EX PARTE APPLICATION FOR STAY OF PROCEEDINGS / Case No. 11-02369

- 3 -

27019\2759585.1

Court's Remand Order. Rather than oppose the stay motion, the Trustee stipulated to a stay of proceedings until July 31, 2011, or until further extended by the parties, with any renewed motion for a stay that was filed by August 15, 2011 treated as timely. Despite the fact that the Bankruptcy Court stayed the remaining Related Adversary Proceedings on June 28, 2011, the Trustee refused to extend the stipulated stay in this action except on unacceptable conditions. Declaration of Kelly A. Woodruff ("Woodruff Decl."), filed concurrently herewith, ¶ 2. Accordingly, the Movants timely renewed their motion to stay the adversary proceeding under the terms of the stipulation, believing the stay would continue in effect pending resolution of the motion. *Id.* ¶ 3. Despite requests to shorten time for the hearing, and despite that the Remand Order provided that any hearing on a motion to stay must be heard as early as possible, the Bankruptcy Court refused to expedite the hearing, which was not set until September 28, 2011. *Id.*; RJN, Exs. 4 and 5.

The Trustee took full advantage of the gap in the stay of this case caused by his refusal to extend the stipulated stay, and on August 31, 2011, filed an *Ex Parte* Motion for a Temporary Restraining Order and Order to Show Cause ("OSC") re Preliminary Injunction ("TRO Motion"). The TRO Motion was supported by several declarations and approximately 2,000 pages worth of exhibits. In the TRO Motion, the Trustee sought a TRO and preliminary injunction against all defendants – even those who had not yet been served[1] – prohibiting them from transferring the "Cedenco Assets," which included the stock in and a note receivable from Debtor's former Australian subsidiary that were subject to liquidation proceedings in Australia. Despite the volume of evidence, Movants filed a brief opposition pointing out that the Trustee was attempting to circumvent this Court's clear directive in the Remand Order. RJN, Ex. 6.

At the September 1 hearing on the TRO Motion, the Bankruptcy Court indicated it had not received, nor read, Movants' opposition to the motion. Woodruff Decl. ¶ 5. The Bankruptcy

---

[1] The Trustee served the summons and complaint on SKPM and MPF on May 18, 2011. The Trustee served the SSR Trust on August 25, by serving its trustee Scott Salyer. The Trustee also attempted to serve the SSC&L 2007 Trust on August 25 by serving Scott Salyer as its trustee, but Mr. Salyer is not the trustee of the SSC&L 2007 Trust. The Trustee has never served process on Henry Heath, who is a resident of Australia, or on Fast Falcon, LLC, which is a Nevis limited liability company.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

EMERGENCY EX PARTE APPLICATION FOR STAY OF PROCEEDINGS / Case No. 11-02369

- 4 -

27019\2759585.1

1  Court also indicated it was inclined to issue the TRO to preserve the status quo.  *Id.*  Despite
2  Movants' meritorious arguments that there was no risk of irreparable harm since Movants did not
3  control any of the assets sought to be restrained and that the court lacked jurisdiction over those
4  defendants not yet served, the Bankruptcy Court issued the TRO against all defendants and set the
5  OSC Hearing for September 15, 2011.  RJN, Ex. 7.

6  Because the Trustee's rush to the Bankruptcy Court and the Bankruptcy Court's rush to
7  issue rulings before a stay is in place violate the intent and spirit of this Court's prior Remand
8  Order, Movants asked the Bankruptcy Court to expedite the hearing on the earlier-filed motion to
9  stay or, alternatively, to issue the stay immediately and certify it for direct appeal with the appeal
10 of the other stay orders issued in the Related Adversary Proceedings.  Woodruff Decl., ¶ 6.  The
11 Bankruptcy Court refused.  *Id.*  Movants then offered to stipulate to extend the TRO to September
12 28 and asked the Bankruptcy Court to continue the OSC hearing to September 28 to be heard
13 after the motion to stay is heard.  RJN, Ex. 8.  Again, the Bankruptcy Court refused.  RJN, Ex. 9.

14 Movants, therefore, filed their Withdrawal Motion on September 7, 2011 [Dkt. No. 2], and
15 contemporaneously sought a stay of all proceedings in the Bankruptcy Court, including the
16 preliminary injunction hearing scheduled for September 15, 2011 [RJN, Ex. 2].  On September 8,
17 2011, the Bankruptcy Court stayed the adversary proceeding, but refused to stay the proceedings
18 related to the Trustee's application for a preliminary injunction.  RJN, Ex. 3.

19 Pursuant to Federal Rule of Bankruptcy Procedure 5011(c), Movants respectfully request
20 that this Court *immediately stay* all proceedings in this action pending the Court's resolution of
21 the motion to withdraw the reference.  Such a stay is necessary in light of the pending preliminary
22 injunction hearing, which Movants cannot adequately defend without evidence from Mr. Salyer.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

EMERGENCY EX PARTE APPLICATION FOR STAY OF
PROCEEDINGS / Case No. 11-02369    - 5 -

27019\2759585.1

## **CONCLUSION**

For the foregoing reasons, the moving defendants respectfully request that the Court grant this *ex parte* application, vacate all currently-scheduled hearing and briefing schedules in the underlying adversary proceeding, and stay all proceedings pending resolution by the Court of the motion to withdraw the reference.

Dated: September 12, 2011                                     FARELLA BRAUN + MARTEL LLP

                                                                                By:  /s/ *Kelly A. Woodruff*
                                                                                       Kelly A. Woodruff

                                                                                Attorneys for Defendants
                                                                                SKPM Corp., Monterey Peninsula Farms, LLC, Scott Salyer, in his capacity as Trustee of the Scott Salyer Revocable Trust

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

EMERGENCY EX PARTE APPLICATION FOR STAY OF PROCEEDINGS / Case No. 11-02369 - 6 -

27019\2759585.1