UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

In re:

SK FOODS, LP, a California
limited partnership, et al.,

       Debtors.

BRADLEY D. SHARP, Chapter 11
Trustee,

       Plaintiff,                    CIV. NO. S-11-2369 LKK

        v.

SKPM CORP., et al.,                    O R D E R

       Defendants.
_____/

Before the court is defendants' September 12, 2011 *ex parte* "emergency" motion for an order staying all bankruptcy court proceedings in Sharp v. SKPM Corp., Inc. (In re SK Foods, L.P.), Adv. Pro. No. 11-2337 (Bankr. Case No. 09-29162-D-11). For the reasons set forth below, the motion is **DENIED**.

**BACKGROUND**

On April 11, 2011, this court issued an order remanding several adversary proceedings to the Bankruptcy Court for consideration of whether they should be stayed pending the

completion of a related criminal case involving Frederick Salyer. <u>Sharp v. SSC Farms 1, LLC (In re SK Foods, L.P.)</u>, Civ. No. S-10-Civ-1492, Dkt. No. 74.[1] On May 4, 2011, the Trustee filed this adversary proceeding. (Bankr. Dkt. No. 1). On May 18th and again on August 15, 2011, defendants moved the Bankruptcy Court for a stay of this adversary proceeding, scheduling it for September 28, 2011. (Bankr. Dkt. Nos. 6, 7, 36, 37 & 44).

On August 31, 2011, the Trustee moved the Bankruptcy Court for a Temporary Restraining Order against defendants enjoining defendants from dissipating certain assets of the estate. (Bankr. Dkt. No. 61). On September 1, 2011, the Bankruptcy Court issued a TRO enjoining defendants from dissipating the assets, pending a September 15, 2011 Order To Show Cause why they should not continue to be so enjoined until a trial could be had on the matter. (Bankr. Dkt. No. 77).

On that same day, September 1, 2011, defendants moved *ex parte* to delay the OSC until their motion for a stay could be heard on September 28, 2011. (Bankr. Dkt. No. 81). The Bankruptcy Court denied the *ex parte* motion because the TRO would expire before the proposed continuation date, and there was no stipulation from all parties extending its restrictions. (Bankr. Dkt. No. 84).

On September 7, 2011, defendants filed a motion to withdraw the reference of the adversary proceeding to the Bankruptcy Court,

---

[1] On remand, the Bankruptcy Court stayed the proceedings, and subsequently certified its stay orders for direct appeal to the Ninth Circuit.

citing <u>Stern v. Marshall</u>, 564 U.S. ___, 131 S. Ct. 2594 (2011). (Bankr. Dkt. No. 90). The same day, defendants moved in the Bankruptcy Court for a stay of all proceedings, pending the hearing on the motion to withdraw the reference. (Bankr. Dkt. No. 99). On September 8, 2011, the Bankruptcy Court granted defendants' motion, in part. The Bankruptcy Court stayed all proceedings in the adversary proceeding "pending the outcome of the Motion to Withdraw the Reference," except that it denied the stay motion with regard to the pending OSC hearing. (Bankr. Dkt. No. 108).[2] The Bankruptcy Court determined that if it delayed the OSC hearing, the TRO would expire, thus allowing defendants to impair the assets protected under the TRO. <u>Id.</u> In that event, "the court would be unable to grant meaningful relief to the Trustee in the event he ultimately prevails in this adversary proceeding." <u>Id.</u>

On September 12, 2011, defendants filed the instant *ex parte* motion to stay all proceedings in the adversary proceeding, arguing that they "cannot adequately defend" against the preliminary injunction "without evidence from Mr. Salyer." *Ex Parte* Application for Stay at 5 (Dkt. No. 3).[3]

**DISCUSSION**

The Bankruptcy Court acted entirely within its sound

---

[2] It is this court's understanding that the prior motion to stay, previously scheduled for September 28, 2011 has accordingly been mooted by the partial grant of this later stay motion.

[3] Because the motion for a stay is denied on other grounds, this court is not called upon to determine whether defendants' unsupported assertion that Mr. Salyer's testimony is required, would be sufficient to obtain a stay.

3

discretion. A central goal of the bankruptcy laws is to preserve the assets of the estate. See In re Palmdale Hills Property, LLC, 423 B.R. 655, 663 (BAP 9th Cir. 2009) ("The automatic stay preserves assets for both the estate and creditors"), aff'd, ___ F.3d ___, 2011 WL 3320429 (9th Cir. 2011). This court's remand order – and the Bankruptcy Court's stay orders – do not give defendants a free hand to act however they wish regarding the assets of the estate (or assets claimed to belong to the estate), with no oversight from the Bankruptcy Court. This court's April 14, 2011 remand order does not compel the Bankruptcy Court to stay emergency motions seeking to preserve the assets of the estate, and to maintain the status quo.

Accordingly, the Bankruptcy Court did not err in denying defendants' requested stay of the OSC (preliminary injunction) hearing.

**SUMMARY**

IT IS HEREBY ORDERED:

1. Defendants' *ex parte* motion for a stay of all bankruptcy proceedings (Dkt. No. 3) is **DENIED**.

2. Defendants' Motion for an Order Withdrawing Reference (Dkt. No. 2) is hereby scheduled to be heard on this court's regular Law and Motion Calendar on October 24, 2011. Opposition to the motion shall be filed in this court no later than September 28, 2011. Any Reply shall be filed in this court no later than October 4, 2011.

IT IS SO ORDERED.

DATED:  September 14, 2011.

/s/ Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT