DEAN M. GLOSTER, State Bar No. 109313
MARK D. PETERSEN, State Bar No. 111956
KELLY A. WOODRUFF, State Bar No. 160235
FARELLA BRAUN + MARTEL LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
Telephone:   (415) 954-4400
Facsimile:   (415) 954-4480
dgloster@fbm.com
mpetersen@fbm.com
kwoodruff@fbm.com

Attorneys for
SKPM Corp., SSC&L 2007 Trust, Monterey
Peninsula Farms, LLC, Scott Salyer, in his capacity
as Trustee of the Scott Salyer Revocable Trust, and
the Scott Salyer Revocable Trust

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>SK Foods, LP, a California limited partnership, *et al.*,<br><br>　　　　　　Debtors. | **U.S. Dist. Ct. Case No.<br>2:11-cv-02369 LKK**<br>**Bankruptcy Case No. 09-29162-D-11**<br><br>**Chapter 11**<br><br>**DCN: FBM-1** |
| Bradley D. Sharp, Chapter 11 Trustee,<br>　　　　　　Plaintiff,<br>　　v.<br>SKPM Corp., *et al.*,<br>　　　　　　Defendants. | **Adversary Proceeding No. 11-02337**<br><br>**REPLY IN SUPPORT OF MOTION TO WITHDRAW THE REFERENCE**<br><br>Date:　　　October 24, 2011<br>Time:　　　10:00 a.m.<br>Judge:　　　Hon. Lawrence K. Karlton<br>Location:　　501 I Street, 15th Floor<br>　　　　　　Sacramento, CA 95814 |

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

**REPLY I/S/O MOTION TO WITHDRAW THE
REFERENCE - 2:11-cv-02369 LKK**

27019\2804906.1

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ........................................................................................................... 1

II. ARGUMENT .................................................................................................................. 1

    A. Common Law Claims That Simply Seek To Augment The Estate, Such As The Fraudulent Conveyance Claims In The Instant Action, Cannot Be Decided By An Article I Bankruptcy Court. ............................................................ 1

    B. Under Stern, Non-Core Proceedings May Not Constitutionally Be Heard And Decided By The Bankruptcy Court Without The Parties' Consent. ............... 2

    C. In The Short Time Since Stern Was Decided, Several Courts Have Held That Fraudulent Conveyance Claims Are Non-Core And Must Be Decided By An Article III Court. ............................................................................................ 5

    D. Immediate Withdrawal Of The Reference Would Promote The Efficient Use Of Judicial Resources. ........................................................................................ 7

    E. The Trustee's Request For Discovery On Personal Jurisdiction Is Irrelevant To This Motion And Substantively Deficient. ......................................................... 9

III. CONCLUSION .............................................................................................................. 10

# TABLE OF AUTHORITIES

**Page**

## FEDERAL CASES

*Atlantigas Corp. v. Nisource, Inc.*,
  290 F. Supp. 2d 34 (D. D.C. 2003) ................................................................................ 9

*El-Fadl v. Central Bank of Jordan*,
  75 F.3d 668 (C.A.D.C. 1996) ........................................................................................ 9

*Granfinanciera, S.A. v. Nordberg*,
  492 U.S. 33 (1989) ............................................................................................... *passim*

*In re Cinematronics, Inc.*,
  916 F.2d 1444 (9th Cir. 1990) ....................................................................................... 8

*In re Fairfield Sentry Ltd. Litig.*,
  2011 WL 4359937 (S.D.N.Y. Sept. 19, 2011) ........................................................... 2, 6

*In re Gulf States Long Term Acute Care of Covington, L.L.C*,
  2011 WL 3754658 ( E.D. La. 2011) ............................................................................. 7

*In Re Hettick*,
  413 B.R. 733, 743 (Bkrtcy. D. Mont. 2009) ................................................................. 7

*In re Mankin*,
  823 F.2d 1296 (9th Cir. 1987) ....................................................................................... 4

*In re Nat'l Consumer Mortg., LLC*,
  2009 WL 2985243 (C.D. Cal. Sept. 14, 2009) .............................................................. 7

*In re Schmidt*,
  453 B.R 346, 351 (8th Cir. B.A.P 2011) ....................................................................... 3

*In re Teleservices Gp., Inc.*,
  2011 WL 3610050 (Bkrtcy.W.D. Mich., Aug. 17, 2011) ............................................. 6

*Roz Trading Ltd v. Zeromax Gp., Inc.*,
  517 F. Supp. 2d 377 (D.D.C. 2007) ............................................................................ 10

*Samantar v. Yousuf*,
  130 S. Ct. 2278 (2010) .................................................................................................. 9

*Samson v. Blixseth*,
  2011 Bankr. LEXIS 2953 (Bankr. D. Mont. Aug. 1, 2011) ...................................... 5, 6

*Stendhal v. Irving Trust Co.*,
  287 U.S. 92 (1932) ........................................................................................................ 2

*Stern v. Marshall*,
  131 S. Ct. 2594 (2011) .......................................................................................... *passim*

*Circuit in Sigma Micro Corp. v. Healthcentral.com*,
  504 F.3d 775, 788 (9th Cir. 2007) ................................................................................ 7

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

**REPLY I/S/O MOTION TO WITHDRAW THE REFERENCE - 2:11-cv-02369 LKK**    - ii -    27019\2804906.1

**STATE CASES**

*Walls v. The Phoenix Ins. Co.,*
    979 A.2d 847 (Pa. Super., 2009) .................................................................................................. 8

**FEDERAL STATUTES**

11 United States Code
    § 548(a) ........................................................................................................................................ 4
    § 101 et seq .................................................................................................................................. 3

**STATE STATUTES**

California Civil Code
    §§ 3439.05; 3439.07 .................................................................................................................... 4

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

**REPLY I/S/O MOTION TO WITHDRAW THE REFERENCE - 2:11-cv-02369 LKK**

- iii -

27019\2804906.1

**I.      INTRODUCTION**

The Trustee fails to offer any persuasive reason why Defendants' Motion to Withdraw the Reference ("Motion") should be denied. Instead, his Opposition ("Opposition") to the Motion misrepresents the underlying claims in the adversary proceeding and sidesteps the applicable law in attempt to keep this non-core proceeding in the Bankruptcy Court. The Instant Action[1] does not, contrary to the Trustee's statements, seek damages for willful violation of the automatic stay against the Movants. Rather, it seeks a determination of who is lawfully entitled to the Cedenco assets – a matter that can be resolved exclusively with reference to California or Australia corporate law, or both. As such, it is not the type of an action that can constitutionally be decided by a non-Article III court, and the reference of the case to the Bankruptcy Court should be withdrawn. *Stern v. Marshall*, 131 S. Ct. 2594 (2011).

**II.     ARGUMENT**

The Trustee's Opposition fails to rebut the indisputable fact that the Instant Action is a non-core proceeding under *Stern*, and thus must be heard and decided by an Article III court.

>   **A.      Common Law Claims That Simply Seek To Augment The Estate, Such As The Fraudulent Conveyance Claims In The Instant Action, Cannot Be Decided By An Article I Bankruptcy Court.**

The Trustee asserts repeatedly that the Instant Action is one for damages for violation of the automatic stay or, alternatively, for an order to recover fraudulent transfers. *See* Opposition at 1, 3, 6, 10. The Trustee grossly mischaracterizes his own complaint.

The complaint in the Instant Action alleges that Debtor's Australian subsidiary, Cedenco, had an intercompany loan from Debtor in the amount of US $17,074,283. Request for Judicial Notice In Support of Motion, Dkt. No. 5 ("RJN"), Ex. 4 at ¶¶ 15-17. It also alleges that Debtor was the 99.01% equity owner of Cedenco. *Id.* ¶ 19. The complaint alleges that Defendants transferred the intercompany loan receivable from Debtor first to Defendant SSC&L 2007 Trust and later to Defendant Fast Falcon, LLC. *Id.* ¶¶ 24-28. The complaint also alleges that Defendants transferred the Debtor's equity interest in Cedenco first to Defendants SKPM Corporation and Scott Salyer Revocable Trust and subsequently to Monterey Peninsula Farming

---

[1] Capitalized terms otherwise undefined in this Reply have the meaning given to them in the Motion.

**REPLY I/S/O MOTION TO WITHDRAW THE REFERENCE - 2:11-cv-02369 LKK**                                  - 1 -                                  27019\2804906.1

Farella Braun & Martel LLP
Russ Building, 30th Floor
235 Montgomery Street
San Francisco, CA 94104
Telephone: (415) 954-4400

LLC. *Id.* ¶¶ 29-37. Finally, the Complaint alleges that, after the Petition Date, Defendant Henry Heath prepared and filed documents to effectuate the transfer of the Cedenco equity under Australian law. *Id.* ¶ 38.

Importantly, with regard to the alleged pre-petition transfers, the complaint acknowledges that "[w]hether the Loan Transfers transferred the Intercompany Loan [and the Equity Transfers transferred the Australian Equity (sic)] is an issue being decided in the context of the Australian Liquidation." *Id.* ¶¶ 28, 37. If, *and only if*, the Australian Liquidator determines that the loan and equity interest were effectively transferred to Movants, *then* the Trustee asserts a claim against Movants (and Fast Falcon) for fraudulent transfer. *Id. at* Count I (fraudulent transfer of intercompany loan); Count II (fraudulent transfer of Cedenco equity).

Although the Trustee does assert a count for willful violation of the automatic stay, that count is asserted only against Defendant Henry Heath. *Id.* Count III. Mr. Heath is a resident of Australia, and has never been served with process in the Instant Action. Accordingly, Count III of the Instant Action is not in issue.

Consequently, the Instant Action involves solely non-core fraudulent transfer claims against Movants. *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 56 (1989) (fraudulent transfer actions "'constitute no part of the proceedings in bankruptcy but concern controversies arising out of it'") (quoting *Stendhal v. Irving Trust Co.*, 287 U.S. 92, 94-95 (1932)); *see also In re Fairfield Sentry Ltd. Litig.*, 2011 WL 4359937, at *16 (S.D.N.Y. Sept. 19, 2011) (rejecting plaintiff's argument that "any recovery will accrue to the benefit of the Funds' bankruptcy estates" and are thus core claims because "'*Granfinanciera* holds that common-law actions to augment the size of the estate involving disputed facts to be determined by a jury are not core, as opposed to actions to divvy up and order claims against the estate, which are'") (citations omitted). As such, the Instant Action "must be decided by an Article III court." *Stern*, 131 S. Ct. at 1216.

**B.   Under *Stern*, Non-Core Proceedings May Not Constitutionally Be Heard And Decided By The Bankruptcy Court Without The Parties' Consent.**

The Supreme Court held in *Stern v. Marshall* that, regardless of whether a bankruptcy court is statutorily authorized to decide counterclaims asserted against a creditor, if the

Farella Braun & Martel LLP
Russ Building, 30th Floor
235 Montgomery Street
San Francisco, CA 94104
Telephone: (415) 954-4400

REPLY I/S/O MOTION TO WITHDRAW THE
REFERENCE - 2:11-cv-02369 LKK                - 2 -                                27019\2804906.1

1  counterclaim does not stem "from the bankruptcy itself or would [not] necessarily be resolved in
2  the claims allowance process," the bankruptcy court constitutionally cannot make final
3  adjudications of the matter.  *Stern*, 131 S. Ct. at 2618; *see also id.* at 2600-01.  The fact that
4  Congress labeled fraudulent transfer claims as "core" proceedings under Section 157(b)(2)[2] is not
5  determinative.  *Stern*, 131 S. Ct. at 2618; *Granfinanciera*, 492 U.S. at 61; *In re Schmidt*, 453 B.R
6  346, 351 (8th Cir. B.A.P 2011) (core proceedings are those that arise in a bankruptcy case or
7  under title 11 "regardless of whether the matter can be fitted into one of the enumerated examples
8  in § 157(b)(2)"); *see also* Movants' Motion at 15-17 (describing the Court's jurisprudence leading
9  up to *Stern*).  In the Instant Action, it cannot be disputed that the fraudulent transfer claims
10 asserted neither stem from the bankruptcy itself nor will necessarily be resolved in the claims
11 allowance process.

12    The Trustee tries in vain to distinguish *Stern* and entirely ignores *Granfinanciera*.  The
13 Trustee's efforts fall flat.  First, *Granfinanciera* held explicitly that fraudulent conveyance
14 actions, such as the one asserted in the Instant Action by the Trustee, "are quintessentially suits at
15 common law" because they are brought "to augment the bankruptcy estate" rather than one that
16 seeks to alter "creditors' hierarchically ordered claims to a pro rata share of the bankruptcy res."
17 *Granfinanciera*, 492 U.S. at 56.  As such, Congress cannot deprive litigants of their right to a jury
18 trial by allowing the action to be finally adjudicated by an Article I judge.  *Id.* at 56, 61.  The
19 Trustee's only attempt to avoid this unambiguous directive is to repeatedly assert that the Instant
20 Action seeks damages for a willful violation of the automatic stay.  Even if that were sufficient to
21 avoid withdrawal of the reference – which Movants do not concede – it is irrelevant since the
22 Trustee is not, in actuality, seeking damages for violation of the automatic stay against any parties
23 to the present action.  RJN Ex. 4.

24    Second, *Stern* held explicitly that common law claims asserted by a Debtor or Trustee,
25 even if asserted against a creditor who filed a proof of claim in the bankruptcy case, cannot be
26 finally adjudicated by a bankruptcy court unless the claim is "derived from or dependent upon
27 bankruptcy law" or "would necessarily be resolved in the claims allowance process."  *Stern*, 131

28
---
[2] All statutory references are to the Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.*, unless otherwise noted.

Farella Braun & Martel LLP
Russ Building, 30th Floor
235 Montgomery Street
San Francisco, CA 94104
Telephone: (415) 954-4400

REPLY I/S/O MOTION TO WITHDRAW THE
REFERENCE - 2:11-cv-02369 LKK     - 3 -     27019\2804906.1

S. Ct. at 2618. The Trustee claims that unlike the counterclaim asserted in *Stern*, the fraudulent transfer claims asserted in the Instant Action "have no existence and could not be asserted outside of a bankruptcy case." Opposition at 10. The Trustee is wrong. Fraudulent transfer claims, unlike, for example, preference claims, can be brought under state law. *See* Cal. Civ. Code §§ 3439.05; 3439.07. Indeed, the Trustee alleges California state law fraudulent transfer claims in the Instant Action! RJN Ex. 4. Moreover, *Granfinanciera* has already rejected the assertion that fraudulent conveyance claims are inextricably tied to the bankruptcy scheme such that Congress can abdicate the defendant's right to a jury trial. *Granfinanciera*, 492 U.S. at 56.[3] Further, the *Stern* Court reaffirmed *Granfinanciera*'s determination that a fraudulent transfer claim is non-core:

> We see no reason to treat [debtor's] counterclaim any differently from the fraudulent conveyance action in *Granfinanciera*. *Granfinanciera*'s distinction between actions that seek 'to augment the bankruptcy estate' and those that seek 'a pro rata share of the bankruptcy res," reaffirms that Congress may not bypass Article III simply because a proceeding may have *some* bearing on a bankruptcy case.

131 S. Ct. at 1218 (citations omitted). Simply put, the fraudulent transfer claims asserted in the Instant Action are not derived from and are not dependent upon bankruptcy law, but are quintessentially common law claims that could be resolved outside of bankruptcy. *Id.*

Nor will the fraudulent conveyance claims necessarily be resolved by the claims allowance process. *See Stern*, 131 S. Ct. at 2616-18. As does the Trustee, the Debtor in *Stern* also argued that the bankruptcy court could finally resolve her counterclaim because the defendant had filed a proof of claim in the bankruptcy case. The Supreme Court rejected the argument. *Id.* at 2616 ("'[P]roperty interests are created and defined by state law,' and '[u]nless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding.'") (citations omitted). The *Stern* Court distinguished those cases allowing a debtor's preference

---

[3] The only case cited by the Trustee in support of his assertion that there is "a long line of Ninth Circuit authority holding that fraudulent transfer actions arising under 11 U.S.C. § 548(a) are core proceedings" (Opposition at 10), *In re Mankin*, 823 F.2d 1296, 1307 n.4 (9th Cir. 1987), was decided two years before *Granfinanciera* and is therefore no longer good law.

Farella Braun & Martel LLP
Russ Building, 30th Floor
235 Montgomery Street
San Francisco, CA  94104
Telephone: (415) 954-4400

REPLY I/S/O MOTION TO WITHDRAW THE REFERENCE - 2:11-cv-02369 LKK          - 4 -          27019\2804906.1

1  action to be resolved against a creditor who had filed a bankruptcy claim because the preference

2  action would necessarily be resolved in determining whether, and to what extent, to allow the

3  creditor's claim. *Id.* In contrast, in *Stern*, as in the Instant Action, the process of adjudicating the

4  defendant's proof of claim would not resolve all the issues raised by the counterclaim. *Id.* at

5  2617. Rather, resolution of the counterclaim required that the bankruptcy court "make several

6  factual and legal determinations that were not 'disposed of in passing on objections' to

7  [defendant's] proof of claim." *Id.* Similarly, although Movants have filed proofs of claim in the

8  bankruptcy case related to their provision of goods or services to the Debtors, there is little, if

9  any, factual or legal overlap between the proofs of claim and the fraudulent conveyance claims.

10  The Bankruptcy Court can adjudicate objections to the proofs of claim without resolving any of

11  the issues presented by the fraudulent transfer action. Accordingly, the Instant Action must be

12  decided by an Article III court. *Id.* at 2620 ("The Bankruptcy Court . . . lacked the constitutional

13  authority to enter a final judgment on a state law counterclaim that is not resolved in the process

14  of ruling on a creditor's proof of claim.").

**C.   In The Short Time Since *Stern* Was Decided, Several Courts Have Held That Fraudulent Conveyance Claims Are Non-Core And Must Be Decided By An Article III Court.**

17  Contrary to the Trustee's assertions that Movants' reading of the impact of *Stern* on

18  fraudulent conveyance proceedings is novel, numerous district courts have relied on *Stern* to

19  classify fraudulent transfer claims as non-core proceedings and thereby preclude bankruptcy

20  courts from hearing or rendering final judgment on those claims.

21  In *Samson v. Blixseth* (*In re Blixseth*), the Bankruptcy Court for the District of Montana

22  *sua sponte* considered the impact of *Stern* on its subject matter jurisdiction, concluding that it

23  could not constitutionally hear the fraudulent conveyance claim as a core proceeding and did not

24  otherwise have the statutory authority to hear it as a non-core proceeding, and thus granted the

25  parties leave to move the district court to withdraw the reference. 2011 Bankr. LEXIS 2953, at *

26  34-35 (Bankr. D. Mont. Aug. 1, 2011). *Blixseth* involved a Chapter 7 trustee who filed an

27  adversary proceeding against the Chapter 7 debtor's ex husband, two business entities, and others,

28  seeking orders to set aside a marital settlement agreement and avoid alleged fraudulent and

Farella Braun & Martel LLP
Russ Building, 30th Floor
235 Montgomery Street
San Francisco, CA 94104
Telephone: (415) 954-4400

REPLY I/S/O MOTION TO WITHDRAW THE REFERENCE - 2:11-cv-02369 LKK   - 5 -   27019\2804906.1

1 preferential transfers under the Bankruptcy Code and California law.  The ex-husband filed a
2 motion to dismiss and a motion for abstention.  *Id*. at 1-7.

3       The *Blixseth* court, paralleling the analysis above, properly recognized that the effect of
4 *Stern*'s prohibition on the Bankruptcy Courts' ability to render final judgments on private actions,
5 when combined with *Granfinanciera*'s conclusion that fraudulent conveyance actions seeking to
6 augment the bankruptcy estate are quintessential private actions, meant that the court could not
7 hear and decide the claim.  *See id*. at 34 ("Since Trustee's fraudulent conveyance claim is
8 essentially a common law claim attempting to augment the estate, does not stem from the
9 bankruptcy itself and would not be resolved in the claims allowance process, it is a private right
10 that must be adjudicated by an Article III court.").

11       Other bankruptcy courts have similarly recognized *Stern*'s limitation on a bankruptcy
12 court's ability to render final judgments on fraudulent transfer claims.  *See In re Teleservices*
13 *Group, Inc.*, 2011 WL 3610050, at *14-15, 19 (Bkrtcy. W.D. Mich., Aug. 17, 2011) ( holding
14 fraudulent transfer claim in adversary proceeding requires "the oversight of a judicial officer with
15 the independence that is only guaranteed by life tenure and salary protection" and thus the
16 Bankruptcy Court, if parties refuse consent, can only propose report and recommendations to
17 district court on fraudulent transfer claim as non-core matter);  *In re Fairfield Sentry Ltd.*
18 *Litigation*, 2011 WL 4359937, at *16-17 (recognizing that fraudulent transfer claims, post-*Stern*,
19 are non-core claims that cannot be adjudicated by Article I court without parties consent).

20       After *Stern*, it is clear that the Bankruptcy Court here does not have the constitutional
21 authority to render final judgments in these common law claims.  Moreover, given that
22 *Granfinanciera* guarantees that the Seventh Amendment right to a jury trial attaches to a
23 fraudulent conveyance claim, the trial for such claims will also be held in district court, so long as
24 the parties do not consent to a jury trial before the bankruptcy judge.  *See Granfinanciera*, 492
25 U.S. at 47-49, 64-65.  The parties have not so consented here.  Ultimately, all roads lead to the
26 District Court, and this Court should exercise its discretion to withdraw the reference.

27
28

Farella Braun & Martel LLP
Russ Building, 30th Floor
235 Montgomery Street
San Francisco, CA  94104
Telephone: (415) 954-4400

**REPLY I/S/O MOTION TO WITHDRAW THE REFERENCE - 2:11-cv-02369 LKK** - 6 - 27019\2804906.1

### D. Immediate Withdrawal Of The Reference Would Promote The Efficient Use Of Judicial Resources.

The Trustee's assertion that "Ninth Circuit precedent dictates that withdrawal motions are premature until the case is ready for trial," is incorrect. Opposition at 11. The Ninth Circuit in *Sigma Micro Corp. v. Healthcentral.com* (*In re Healthcentral.com*), ruled that "a valid right to a Seventh Amendment jury trial in the district court does not mean the bankruptcy court *must instantly* give up jurisdiction" but instead clarified that "the bankruptcy court *may* retain jurisdiction over the action for pre-trial matters." 504 F.3d 775, 788 (9th Cir. 2007) (emphasis added). The Ninth Circuit's broad, discretionary standard permits district courts to withdraw the reference when a Seventh Amendment jury trial right exists, but does not require that they do so immediately.

Contrary to Trustee's assertions, district courts frequently exercise their discretion to withdraw the reference where Seventh Amendment rights are implicated and often do so earlier rather than later in the interest of judicial economy. *See, e.g.*, *In Re Hettick*, 413 B.R. 733, 743 (Bkrtcy. D. Mont. 2009) (exercising discretion and referring the adversary proceeding – which included both core and non-core proceedings – to the district court, in its entirety, for trial); *In re Gulf States Long Term Acute Care of Covington, L.L.C.*, 2011 WL 3754658, at *7 (E.D. La. 2011) (noting that "[g]iven the need for a jury trial in this case, it would be inefficient to allow pretrial motion practice to continue in the bankruptcy court, delaying the eventual referral of claims to this Court for resolution at trial."); *In re National Consumer Mortg., LLC*, 2009 WL 2985243, at *4 (C.D. Cal. Sept. 14, 2009) (withdrawing the reference in "related to" proceeding to ensure jury trial as the "most efficient use of judicial resources" and noting that the "Court fails to see how rulings of the bankruptcy court thus far, justify that the bankruptcy court retain jurisdiction over all pretrial matters").

Withdrawing the reference in this case would advance the interests of judicial economy and efficiency. This case is in its infancy: no answer has been filed; no discovery has been taken; no status conference has been held; no trial date has been set; and the action is currently stayed. Neither the Bankruptcy Court, nor the District Court, has a particular advantage of being

Farella Braun & Martel LLP
Russ Building, 30th Floor
235 Montgomery Street
San Francisco, CA 94104
Telephone: (415) 954-4400

REPLY I/S/O MOTION TO WITHDRAW THE REFERENCE - 2:11-cv-02369 LKK    - 7 -    27019\2804906.1

1   more familiar with the facts and the law applicable to the proceeding.

2   Only this Court may conduct the jury trial where a right to a jury trial exists and where, as
3   here, a party does not consent to trial of entry of a final order of the bankruptcy court. *In re*
4   *Cinematronics, Inc.*, 916 F.2d 1444, 1451 (9th Cir. 1990). Moreover, if the reference is not
5   withdrawn earlier rather than later, the Bankruptcy Court may enter pretrial orders that are subject
6   to *de novo* review by this Court in any event, requiring the parties to prepare the case twice and
7   requiring two courts to have to hear and resolve disputes. Given the early procedural posture of
8   the Instant Action, withdrawal of the reference now will greatly conserve judicial resources.

9   Similarly, the Trustee's "forum shopping" accusations are wholly without merit. The
10  Trustee claims that Movants' Motion stems from a "desperate" attempt to avoid a receiver or
11  other injunctive relief and that "[f]iling a motion to withdraw the reference gave them a tool to
12  seek an order derailing the preliminary injunction." Opposition at 12. These allegations are
13  simply baseless.

14  As recognized by courts around the country, "the mere invocation of [the phrase 'forum
15  shopping'] does not trigger such a talismanic effect as to cause an abrupt termination of the
16  inquiry." *Walls v. The Phoenix Ins. Co.*, 979 A.2d 847, 852 n.5 (Pa. Super., 2009). Further,
17  though the Trustee asserts "that Defendants did nothing to seek withdrawal for months," the
18  opposition conveniently ignores that any perceived delay in the present motion is a direct result of
19  the Trustee's own obstinacy. Opposition at 12. Movants did not seek withdrawal earlier because
20  the Instant Action, along with the other eleven adversary proceedings, had been stayed. It was
21  only when the Trustee refused to honor a stipulation to stay that the Instant Action became live,
22  and thus necessitated withdrawal in light of the *Stern* decision that issued during the stay. *See*
23  Movants' Motion at 2, n.1 ("Because the remaining Related Adversary Proceedings are currently
24  stayed, at this time the Salyer Parties are not seeking to withdraw the reference as to any of those
25  actions. Should the stay be lifted in any of those actions involving state law or other non-core
26  causes of action, however, the appropriate defendants will promptly move to withdraw the
27  reference in those actions as well"). Movants can hardly be accused of "forum shopping" when
28  the only forum that can constitutionally grant relief is the very Article III forum before which

Farella Braun & Martel LLP
Russ Building, 30th Floor
235 Montgomery Street
San Francisco, CA 94104
Telephone: (415) 954-4400

**REPLY I/S/O MOTION TO WITHDRAW THE REFERENCE - 2:11-cv-02369 LKK**   - 8 -   27019\2804906.1

1   Movants now seek withdrawal of the reference.

### E. The Trustee's Request For Discovery On Personal Jurisdiction Is Irrelevant To This Motion And Substantively Deficient.

The Trustee purports to seek limited discovery as to Fast Falcon's California contacts to determine whether jurisdiction is proper. Opposition at 13. This assertion is false. The Trustee's overbroad and premature requests for discovery actually focus on "who actually owns and controls Fast Falcon" and "how it was formed." *Id*. It therefore appears that the Trustee is using these "jurisdictional" discovery requests to seek discovery it cannot otherwise obtain in the related – and stayed – proceedings. Moreover, these requests are not properly before this Court on a non-dispositive motion to withdraw reference brought by other parties.[4]

The Trustee argues that *El-Fadl v. Cent. Bank of Jordan* establishes a right to discovery at this stage. Opposition at 13, citing *El-Fadl*, 75 F.3d 668 (D.C. Cir. 1996), abrogated on other grounds by *Samantar v. Yousuf*, 130 S. Ct. 2278 (2010). This is wrong – *El Fadl* states that "plaintiff must be given an opportunity to take discovery to establish facts necessary to support jurisdiction *prior to deciding a 12(b) motion*," but says nothing about permitting discovery before a non-dispositive motion like this one. *El-Fadl,* 75 F.3d 676 (emphasis added) (allowing limited discovery as to the defendants' contacts with the forum "lest the defendant defeat the jurisdiction of a federal court by withholding information on its contacts with the forum."). The Instant Motion is not dispositive and there is no risk that Fast Falcon will "defeat jurisdiction by withholding information" prior to the Court's ruling. There is no authority supporting the Trustee's argument that he can (or must) use the Instant Motion as a vehicle to conduct discovery into non-Movant Fast Falcon.

Moreover, the Trustee's requests are substantively deficient. "When requesting jurisdictional discovery ... a plaintiff must make a 'detailed showing of what discovery it wishes to conduct or what results it thinks such discovery would produce.'" *Atlantigas Corp. v. Nisource, Inc.*, 290 F. Supp. 2d 34, 53 (D. D.C. 2003). The Trustee has not met this burden. Its request – a

---

[4] The undersigned counsel do not represent Fast Falcon, which is not a Movant. As the undersigned counsel understands, Fast Falcon is disputing jurisdiction and has, through independent counsel, appeared specially to contest jurisdiction in the appeal of the preliminary injunction.

REPLY I/S/O MOTION TO WITHDRAW THE REFERENCE - 2:11-cv-02369 LKK    - 9 -    27019\2804906.1

Farella Braun & Martel LLP
Russ Building, 30th Floor
235 Montgomery Street
San Francisco, CA 94104
Telephone: (415) 954-4400

1  thinly veiled attempt to circumvent the stay in the related matters and obtain otherwise
2  impermissible discovery – is overbroad and improper. *See Roz Trading Ltd v. Zeromax Group,*
3  *Inc.* 517 F. Supp. 2d 377, 388 (D.D.C. 2007) (denying request for purportedly jurisdictional
4  discovery where the plaintiff failed to identify how the requested discovery was relevant to
5  jurisdictional issues and instead sought substantive "discovery aimed at strengthening" its
6  underlying allegations). As the Trustee's requests apparently seek substantive information with
7  no connection to jurisdictional issues, they should be denied.

## III.   CONCLUSION

The Trustee has asserted quintessentially common law fraudulent transfer claims against the Movants in the Instant Action. The claims do not derive from, and are not dependent upon, bankruptcy law for their resolution. Nor can the claims be resolved through the process of resolving any objections to Movants' bankruptcy claims. As such, the fraudulent transfer claims are non-core claims that cannot be resolved by a non-Article III court, and this Court should resolve the reference of the Instant Action to the Bankruptcy Court.

Dated: October 4, 2011                                        FARELLA BRAUN + MARTEL LLP

                                                              By: /s/
                                                                  Kelly A. Woodruff

                                                              Attorneys for Defendants
                                                              SKPM Corp., SSC&L 2007 Trust, Monterey
                                                              Peninsula Farms, LLC, Scott Salyer, in his
                                                              capacity as Trustee of the Scott Salyer
                                                              Revocable Trust, and the Scott Salyer
                                                              Revocable Trust

Farella Braun & Martel LLP
Russ Building, 30th Floor
235 Montgomery Street
San Francisco, CA 94104
Telephone: (415) 954-4400

**REPLY I/S/O MOTION TO WITHDRAW THE REFERENCE - 2:11-cv-02369 LKK**     - 10 -                              27019\2804906.1