UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

In re:

SK FOODS, LP, a California
limited partnership, et al.,

      Debtors.

BRADLEY D. SHARP, Chapter 11
Trustee,

      Plaintiff,                    CIV. NO. S-11-2369 LKK

      v.

SKPM CORP., et al.,               O R D E R

      Defendants.
_____/

**I.  BACKGROUND**

    **A. The Bankruptcy**

    This matter involves the consolidated bankruptcy case of SK Foods, L.P. and RHM Industrial/Specialty Foods, Inc. under Chapter 11 (Reorganization) of the Bankruptcy Code, <u>In re SK Foods, L.P.</u>, Bankr. 09-29162-D-11 (Bankr. E.D. Cal.).  On May 4, 2011, the Trustee filed an adversary proceeding against: (1) Scott Salyer Revocable Trust; (2) Scott Salyer as Trustee of the Scott Salyer

Revocable Trust; (3) SKPM Corp., Inc.; (4) Monterey Peninsula Farms, LLC; (5) SSC&L 2007 Trust; (6) Scott Salyer as Trustee of the SSC&L 2007 Trust; (7) Fast Falcon, LLC; and (8) Henry John Heath.

The adversary complaint alleges that various defendants effected a fraudulent transfer of SK Foods assets (interest in a loan and an equity interest) to themselves, ultimately winding up in the hands of defendant Fast Falcon, LLC, and that they violated the automatic stay.[1]  The Trustee seeks to "avoid" these "fraudulent transfers" pursuant to 11 U.S.C. § 548(a)(1)(B), and the recovery of that property pursuant to 11 U.S.C. § 550(a).  The first five of the listed defendants have moved for an order withdrawing the automatic reference of the adversary proceeding to the Bankruptcy Court.[2]

**II. STANDARDS FOR WITHDRAWAL OF THE REFERENCE**

Except as otherwise provided by Congress, the district court has original and exclusive jurisdiction over all cases arising

---

[1] Count 1 is a fraudulent transfer claim filed against defendants SSC&L 2007 Trust and Fast Falcon, LLC, and alleges fraudulent loan transfers.  Count 2 is a fraudulent transfer claim filed against defendants Scott Salyer Revocable Trust, SKPM Corp., Inc., Monterey Peninsula Farms, LLC, and Fast Falcon, LLC, and alleges fraudulent equity transfers.  Count 3 alleges that defendant John Henry Heath violated the automatic stay of 11 U.S.C. § 362(a).

[2] The moving defendants are: (1) Scott Salyer Revocable Trust; (2) Scott Salyer as Trustee of the Scott Salyer Revocable Trust; (3) SKPM Corp., Inc.; (4) Monterey Peninsula Farms, LLC; and (5) SSC&L 2007 Trust.  The non-moving defendants are: (a) Scott Salyer as Trustee of SSC&L 2007 Trust; (b) Fast Falcon, LLC; and (c) Henry John Heath.

under Title 11.  28 U.S.C. § 1334(a); <u>Stern v. Marshall</u>, 564 U.S. \_\_\_, \_\_\_, 131 S. Ct. 2594, 2603 (2011).  Congress has empowered the district court to refer to bankruptcy judges any cases arising under that title as well as related proceedings.  <u>See</u> 28 U.S.C. § 157(a).  Under this authority, the Eastern District of California, through a General Order adopted by the District Court, has referred all cases under Title 11 as well as related proceedings to the Bankruptcy Judges of the district.  <u>See</u> General Order Nos. 182 (May 14, 1985) & 223 (October 22, 1987).

A district court may, and in certain circumstances must, withdraw cases that had been referred to the bankruptcy court.  <u>See</u> 28 U.S.C. § 157(d).[3]  Those cases requiring material consideration of non-bankruptcy federal law <u>must</u> be withdrawn.  <u>See</u> <u>Security Farms v. Int'l Brotherhood of Teamsters</u>, 124 F.3d 999, 1008 (9th Cir. 1997).  Moreover, the district court <u>may</u> withdraw any case referred to the bankruptcy court "for cause shown."  <u>See</u> 28 U.S.C.

---

[3] The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d).  A motion to withdraw the reference "shall be heard by a district judge."  Fed. R. Bankr. P. 5011(a); <u>Sigma Micro Corp. v. Healthcentral.com (In re Healthcentral.com)</u>, 504 F.3d 775, 784-85 (9th Cir. 2007) ("'[t]he withdrawal decision is committed exclusively to the district court'").

§ 157(d).[4]

**III. ANALYSIS**

As pertinent to this motion, the bankruptcy statute and the cases impose two basic restraints on the ability of the bankruptcy court to hear and determine a matter all the way to the entry of final judgment.

First, any claim where the defendant has a Seventh Amendment right to a jury trial may not be conducted by the bankruptcy court without defendant's consent. See 28 U.S.C. § 157(e); Dunmore v. U.S., 358 F.3d 1107, 1116 (9th Cir. 2004) ("The bankruptcy court is also authorized to conduct a jury trial in non-core proceedings, provided that the district court has 'specially designated' the bankruptcy judge to conduct a jury trial and both parties have given their express consent").

Second, the bankruptcy court cannot hear and determine any case all the way to final judgment if it is not a "core proceeding." See Stern, 564 U.S. at ___, 131 S. Ct. at 2603-04 ("Bankruptcy judges may hear and enter final judgments in 'all core proceedings arising under title 11, or arising in a case under title 11.' ... When a bankruptcy judge determines that a referred 'proceeding ... is not a core proceeding but ... is otherwise

---

[4] Among the proper considerations on whether to withdraw the reference, are the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other similar issues. Security Farms, 124 F.3d at 1008, citing Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.), 4 F.3d 1095, 1101 (2d Cir. 1993), cert. dismissed, 511 U.S. 1026 (1994).

related to a case under title 11,' the judge may only 'submit proposed findings of fact and conclusions of law to the district court.'").

### A. No Seventh Amendment Right to a Jury Trial: Fraudulent Transfer Claim (Count 2).

The moving defendants do not consent to a jury trial in the Bankruptcy Court.[5] Therefore, the reference must be withdrawn if they have a right to a jury trial. See 28 U.S.C. § 157(e) (no jury trial in bankruptcy court unless all parties agree); Dunmore, 358 F.3d at 1116 (same). In general, a defendant is entitled to a jury trial on a claim for fraudulent transfer. Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 36 (1989) (defendant in a fraudulent transfer case is entitled to a jury trial "notwithstanding Congress' designation of fraudulent conveyance actions as 'core proceedings'"); Sigma Micro Corp. v. Healthcentral.com (In re Healthcentral.com), 504 F.3d 775, 788 (9th Cir. 2007) (same). However, that same defendant is not entitled to a jury trial if the fraudulent transfer claim is filed by the bankruptcy Trustee after the defendant files a proof of claim against the estate. Langenkamp v. Culp, 498 U.S. 42 (1991) (per curiam) ("Respondents filed claims against the bankruptcy estate, thereby bringing themselves within the equitable jurisdiction of the Bankruptcy

---

[5] Defendant SSL&C 2007 Trust has not yet requested a jury, as it has not yet filed an answer. However counsel represents that it will do so. In the event SSC&L 2007 Trust does not demand a jury trial in its Answer, or as otherwise provided by law or rule, the Trustee may move to refer Count 1 back to the Bankruptcy Court.

Court. Consequently, they were not entitled to a jury trial on the trustee's preference action").[6]

On September 14, 2009, four of the five moving defendants filed proofs of claim against the bankruptcy estate: (1) Scott Salyer Revocable Trust; (2) Scott Salyer as Trustee of Scott Salyer Revocable Trust; (3) SKPM Corp., Inc.; and (4) Monterey Peninsula Farms, LLC.  Dkt. No. 14.[7]

By doing so, those moving defendants "trigger[ed] the process of 'allowance and disallowance of claims,'" and subjected themselves "to the bankruptcy court's equitable power." Langenkamp, 498 U.S. at 44, citing Katchen v. Landy, 382 U.S. 323 (1966). When the trustee, in turn, filed his fraudulent transfer action against those defendants in Count 2:

> that action becomes part of the claims-allowance process which is triable only in equity.  In other words, the creditor's claim and the ensuing preference action by the trustee become integral to the restructuring of the debtor-creditor relationship through the bankruptcy

---

[6] In Langenkamp, the trustee filed an action to avoid "preferences" under 11 U.S.C. § 547.  Here, the trustee has filed an action to avoid "fraudulent transfers" under 11 U.S.C. § 548. There appears to be no difference between the two that would make a difference in determining whether there is a right to a jury trial under the Seventh Amendment.  It appears that the "preference" is a transfer to a creditor, and seeks to give the creditor a greater share of the bankruptcy estate proceeds than it may be entitled to.  On the other hand, the "fraudulent transfer" appears to be a transfer to an entity that is not a creditor, and seeks to deplete the estate.

[7] The court grants the Trustee's Request for Judicial Notice of the proceedings in the Bankruptcy Court.

court's equity jurisdiction. As such, there is no Seventh Amendment right to a jury trial.

Langenkamp, 498 U.S. at 44-45 (citations omitted). Langenkamp summarized the rule as follows:

> "a creditor's right to a jury trial on a bankruptcy trustee's preference claim depends upon whether the creditor has submitted a claim against the estate." Respondents filed claims against the bankruptcy estate, thereby bringing themselves within the equitable jurisdiction of the Bankruptcy Court. Consequently, they were not entitled to a jury trial on the trustee's preference action.

Langenkamp, 498 U.S. at 45 (citation omitted), quoting Granfinanciera, 492 U.S. at 58.

The trustee's fraudulent transfer claim in Count 2, is therefore a part of the claims and allowance process, as to which the moving defendants have no right to a jury trial. Accordingly, this reference will not be withdrawn on Seventh Amendment grounds.

**B.  Seventh Amendment Right to a Jury Trial: Fraudulent Transfer Claim (Count 1) Against SSC&L 2007 Trust.**

Moving Defendant SSC&L 2007 Trust has not filed a proof of claim. The Trustee's fraudulent transfer claim in Count 1 is therefore not drawn into the claims and allowance process, and defendant's right to a jury trial is preserved. Langenkamp, 498 U.S. at 45 ("If a party does not submit a claim against the bankruptcy estate, however, the trustee can recover allegedly

7

preferential transfers only by filing what amounts to a legal action to recover a monetary transfer. In those circumstances the preference defendant is entitled to a jury trial"). Accordingly, the court will withdraw the reference of Count 1 of the adversary claim against moving defendant SSC&L 2007 Trust.[8]

### C. Core Proceedings: Stern v. Marshall

Moving defendants argue that fraudulent transfer claims are not "core proceedings" under Stern v. Marshall – notwithstanding Congress's express designation of them as such at 28 U.S.C. § 157(b)(2)(H) – thus entitling movants to proceed in district court. The court disagrees as to those moving defendants which have filed proofs of claim against the estate.

Even after Stern v. Marshall, the rule approved by Langenkamp is still the law – once a creditor files a proof of claim against the bankruptcy estate, the trustee's subsequent claim for fraudulent transfer (or preference) against those creditors becomes part of the "claims allowance process." Continental Ins. Co. V. Thorpe Insulation Co. (In re Thorpe Insulation Co.), ___ F.3d ___, 2012 WL 255231 at *8 (9th Cir. January 30, 2012) (regarding plaintiff's breach of contract claim: "regardless of how Continental characterizes its claim, Continental filed a proof of claim, and Thorpe objected to the claim, so under 28 U.S.C. § 157(b)(2)(B), the allowance or disallowance of that claim was a

---

[8] There is therefore no need to consider whether the fraudulent transfer claim is a "core proceeding" (see discussion below), since the Seventh Amendment right to a jury trial is not dependent upon this designation.

8

core proceeding").[9]  Thus, where, as here, the defendant has filed a proof of claim against the estate, it does not matter whether the Trustee's subsequent fraudulent conveyance claim would be a "core proceeding" standing alone.[10]  However it does not stand alone, as the defendants' proof of claims cause the fraudulent conveyance claim to be swept up into the claims and allowance process, making it a core proceeding under 28 U.S.C. § 157(b)(2)(B).

Defendants here concede that they "have filed proofs of claim in the bankruptcy case related to their provision of goods or services to the Debtors," but they argue that "there is little, if any, factual or legal overlap between the proofs of claim and the fraudulent conveyance claims."  Reply at 5.  Their argument misses the point.  The <u>overlap</u> of issues presented in a fraudulent conveyance claim against defendants, versus those raised in the proofs of claim filed by the defendants is not relevant.  What matters is the <u>fact</u> that the trustee's fraudulent transfer claim against defendants, and the defendants' proofs of claim against the

---

[9] See 28 U.S.C. § 157(b)(2)(B) ("core proceedings include ... allowance or disallowance of claims against the estate").

[10] There is some support in the Ninth Circuit for the proposition that fraudulent transfer claims, standing alone, are not "core," notwithstanding Congress's designation of them as such. See Security Farms, 124 F.3d at 1008 ("actions that do not depend on bankruptcy laws for their existence and that could proceed in another court are considered 'non-core'"); Heller Ehrman LLP v. Arnold & Porter, LLP (In re Heller Ehrman LLP), ___ B.R. ___, ___, 2011 WL 6179149 (N.D. Cal. December 13, 2011) ("By likening the claim in question explicitly to the fraudulent conveyance claims in Granfinanciera, this Court believes that <u>Stern</u> clearly implied that the bankruptcy court lacks constitutional authority to enter final judgment on the fraudulent conveyance claims presented here").

estate, are both pending in the Bankruptcy Court.

In case any doubt remains that the fraudulent transfer claim and movants' proofs of claim are part of the same claims and allowance process, the matter is conclusively resolved by 11 U.S.C.A. § 502, which provides that defendants' proofs of claim shall be "disallowed" if the creditors are transferees "of a transfer avoidable under section ... 548 ... of this title."[11] Accordingly, an element of the moving defendants' defense is that they have not received fraudulent transfers from the estate; yet their receipt of fraudulent transfers is the very essence of the trustee's claim. Accordingly, the trustee's claim must be fully resolved as a part of the defendants' proofs of claim. As such, the Trustee's fraudulent transfer claim are a part of the claims allowance process initiated by the moving defendants, and is therefore "core" pursuant to Section 157(b)(2)(B).[12]

---

[11] Notwithstanding subsections (a) and (b) of this section, the court shall disallow any claim of any entity from which property is recoverable under section 542, 543, 550, or 553 of this title or that is a transferee of a transfer avoidable under section 522(f), 522(h), 544, 545, 547, 548, 549, or 724(a) of this title, unless such entity or transferee has paid the amount, or turned over any such property, for which such entity or transferee is liable under section 522(i), 542, 543, 550, or 553 of this title.

11 U.S.C.A. § 502.

[12] It is worth noting that the existence of a proof of claim against the estate in Stern v. Marshall did not save the proceeding there from being labeled "non-core" by the Supreme Court. In Stern v. Marshall, which did not involve any fraudulent transfer claim, resolution of the bankruptcy estate's tortious interference action

10

**IV. CONCLUSION**

For the foregoing reasons, the motion to withdraw the reference (Dkt. No. 2), is **GRANTED** in part and **DENIED** in part, as follows:

1.   The motion of defendants Scott Salyer Revocable Trust, Scott Salyer as Trustee of the Scott Salyer Revocable Trust, SKPM Corp., Inc., and Monterey Peninsula Farms, LLC, to withdraw the reference of the fraudulent conveyance claim against them, Count 2 of the Complaint, is **DENIED**.

2.   The motion of defendant SSC&L 2007 Trust, to withdraw the reference of the fraudulent conveyance claim against it, Count 1 of the Complaint, is **GRANTED**.

   A.   The court hereby **WITHDRAWS THE REFERENCE** of the Trustee's fraudulent transfer claim against SSC&L 2007 Trust only, Count 1 of the Complaint.

   B.   The withdrawn fraudulent transfer claim against SSC&L is hereby **STAYED**, pending resolution of the remaining claims in the Bankruptcy Court.

IT IS SO ORDERED.

DATED:   February 29, 2012.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

had no bankruptcy-related relationship to the resolution of the debtor's defamation claim against the estate. Each could be resolved independently of the other. Here, pursuant to Section 502, the moving defendants' proof of claim cannot be resolved without first determining whether moving defendants have received a fraudulent transfer from the estate.

11