UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRADLEY D. SHARP, Chapter 11 Trustee of SK Foods, L.P., et al., <br><br> Plaintiff, <br><br> v. <br><br> SKPM CORP., INC., et al., <br><br> Defendants. | No. 2:11-CV-02369-TLN <br><br> **ORDER** |

This matter is before the Court pursuant to Plaintiff Bradley D. Sharp's ("Plaintiff/Trustee") unopposed Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 41(a)(2). (ECF No. 27.) For the reasons set forth below, Plaintiff/Trustee's Motion to Dismiss (ECF No. 27) is hereby GRANTED.

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

On May 5, 2009, the United States Bankruptcy Court for the Eastern District of California received involuntary bankruptcy petitions with respect to SK Foods and RHM.[1] (ECF No. 27-1 at 2.) On May 7, 2009 (the "Petition Date"), SK Foods and RHM filed voluntary petitions for

---

[1] Plaintiff/Trustee has asked this Court to take judicial notice of various documents associated with the proceedings in the bankruptcy court. (ECF No. 27-2.) The Court grants Plaintiff's request. *See* Fed. R. Evid. 201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute"). "Courts may take judicial notice of some public records, including the records and reports of administrative bodies." *U.S. v. Richie*, 342 F.3d 903, 909 (9th Cir. 2003) (internal quotations omitted). Because the documents at issue are public records, the Court finds that judicial notice is appropriate and thus GRANTS Plaintiff's request for judicial notice.

1

relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. Section 101, et seq. (ECF No. 27-1 at 2.)  The two petitions were consolidated (the "Bankruptcy Case").  (ECF No. 27-1 at 2.)  Plaintiff/Trustee was appointed as Chapter 11 trustee in the Bankruptcy Case.  (ECF No. 27-1 at 2.)

On May 4, 2011, Plaintiff/Trustee filed an adversary complaint in the bankruptcy court against SKPM Corp., Inc., the Scott Salyer Revocable Trust ("SSRT"), SSC&L 2007 Trust, Monterey Peninsula Farms, LLC., Scott Salyer in his capacity as Trustee for the SSRT (collectively, "Defendants"), and other entities unrelated to the instant action.  Plaintiff/Trustee sought, *inter alia*, a determination that SK Foods owned and held the sole exclusive right to collect a multimillion dollar loan made by SK Foods to SK Foods Australia Pty, Ltd. (the "Intercompany Loan").  (ECF No. 27-1 at 2–3.)  One count of that adversary complaint was withdrawn to this Court to proceed concurrently with the claims remaining in the bankruptcy court.  (Order, ECF No. 18.)

On November 29, 2012, the bankruptcy court entered Partial Judgment in favor of the Trustee, determining, *inter alia*, that SK Foods owned and held the sole exclusive right to collect on the Intercompany Loan.  (ECF No. 27-1 at 4.)[2]  Because the bankruptcy court issued a final determination on the ownership of the Intercompany Loan, Plaintiff/Trustee asserts that the action pending in this Court related to the dispute over the Intercompany Loan has been resolved. Therefore, on September 9, 2014, Plaintiff/Trustee filed a motion to dismiss the instant action pursuant to Federal Rule of Civil Procedure 41(a)(2).  (ECF No. 27.)

**II.     LEGAL STANDARD**

"The Ninth Circuit has long held that the decision to grant a voluntary dismissal under Rule 41(a)(2) is addressed to the sound discretion of the [court]." *Hamilton v. Firestone Tire & Rubber Co., Inc.* ("*Hamilton*"), 679 F.2d 143, 145 (9th Cir. 1982); *Sams v. Beech Aircraft Corp.*, 625 F.2d 273, 277 (9th Cir. 1980); *Purer & Co. v. Addo*, 410 F.2d 871, 879 (9th Cir. 1969); *Blue Mountain Construction Corp. v. Werner*, 270 F.2d 305, 306 (9th Cir. 1959), cert. denied, 361

---

[2] This Partial Judgment was affirmed by the Bankruptcy Appellate Panel of the Ninth Circuit on December 10, 2013, making the Partial Judgment final. (ECF No. 27-1 at 4; ECF No. 27-2 at 86.)

U.S. 931 (1960).  "A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches* ("*Lenches*"), 263 F.3d 972, 975 (9th Cir. 2001).  Factors courts consider when deciding whether the defendant will suffer legal prejudice are: (1) the defendant's effort and expense involved in preparing for trial; (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action; (3) insufficient explanation of the need to take dismissal; and (4) the fact that summary judgment has been filed by the defendant.  *Granite State Ins. Co. v. Halajian*, No. 1:14-cv-00531-SAB, 2014 WL 5825318, at *1–2 (E.D. Cal. Nov. 10, 2014) (citing *U.S. v. Berg*, 190 F.R.D. 539, 543 (E.D. Cal. 1999)).  While dismissals under Rule 41(a)(2) are subject to the discretion of the district court, the Ninth Circuit has instructed that a district court "should grant" such motions unless a defendant can show it will "suffer some plain legal prejudice as a result."  *Lenches,* 263 F.3d at 975; *see Werdebaugh v. Blue Diamond Growers*, No. 12-CV-02724-LHK, 2015 WL 581386, at *2 (N.D. Cal. Feb. 11, 2015); *see Willenberg v. U.S.*, No. F-94-6112GEB/DLB, 1995 WL 761312, at * 1 (E.D. Cal. Oct. 31, 1995) (quoting *Fisher v. Puerto Rico Marine Mgmt., Inc.*, 940 F.2d 1502, 1503 (11th Cir. 1991)).

**III.    ANALYSIS**

Plaintiff/Trustee argues that this action should be dismissed as moot.  (ECF No. 27-1 at 5.)  Plaintiff/Trustee contends that the relief sought in this Court has already been granted by the bankruptcy court's Partial Judgment.  (ECF No. 27-1 at 5.)   Defendants did not oppose Plaintiff/Trustee's motion.

Plaintiff/Trustee's original complaint before the bankruptcy court sought "judgment avoiding and preserving for the benefit of the estate the loan transfers, including [the Intercompany Loan.]"  Compl., at 9, Sharp v. SK PM Corp., et al. (*In re* SK Foods, L.P.) (Bankr. Adv. Proc. No. 11-02337).  The Partial Judgment issued by the bankruptcy court held that SK Foods, LP owned the Intercompany Loan and that it became property of SK Foods' bankruptcy estate.  (ECF No. 27-2 at 86.)  Further, the bankruptcy court found that none of the Defendants in the adversary action held a cognizable interest in the Intercompany Loan.  (ECF No. 27-2 at 86.)

When Plaintiff/Trustee asserted his claim in this Court, he sought relief in the form of a

3

determination that SK Foods owned the Intercompany Loan.  (ECF No. 27-1 at 3.)  Because Plaintiff/Trustee has already received the relief he sought in the bankruptcy court, the claim in this Court is moot.  *See In re Burrell*, 415 F.3d 994, 998 (9th Cir. 2005) (holding that the relief the plaintiff sought could not be granted because he already received it); *Everett S. S. Corp., S/A v. Liberty Navigation & Trading Co., Inc.*, 486 F.2d 462, 465 (9th Cir. 1973) (holding that a plaintiff was not entitled to relief because it already received all the relief to which it was entitled); *Flores v. Brazelton*, No. SA CV 13-1479-VAP (SP), 2014 WL 4251607, at *3 (C.D. Cal. July 7, 2014) (holding that the plaintiff's claims were rendered moot because he had already received relief from the California Court of Appeal on his present claims).

Furthermore, the Court finds no evidence of prejudice against Defendants.  *U.S. v. Berg*, 190 F.R.D. 539, 543 (E.D. Cal. 1999).  Defendants have not filed an opposition to this motion and therefore have not asserted that they are prejudiced.  Further, the docket reflects that Defendants have incurred little expense in litigating this action before this Court.[3]  *Hamilton*, 679 F.2d at 145 ("[T]he mere inconvenience of defending another lawsuit does not constitute plain legal prejudice.").  For these reasons, the Court finds no evidence of prejudice against Defendants.

The Court finds that the instant claims are moot and that Defendants will not suffer prejudice in the dismissal of this action.  Therefore, voluntary dismissal of Plaintiff/Trustee's claim is warranted.

**IV.  CONCLUSION**

For the foregoing reasons, Plaintiff/Trustee's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 41(a)(2) (ECF No. 27) is GRANTED.  The action is dismissed without prejudice and the case is CLOSED.

IT IS SO ORDERED.

Dated:  March 18, 2015

Troy L. Nunley
United States District Judge

---

[3] Defendants have not filed a motion to dismiss or motion for summary judgment in this case.

4